UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SCOTT NANCE and FREDERICK
FREEDMAN, on behalf of themselves, all
others similarly situated, and the general
public,

                              Plaintiffs,

        v.

MAY TRUCKING COMPANY, an Idaho
corporation; DOES 1 through 100, inclusive,

                              Defendants.

Civil No.    11-cv-0537-LAB (DHB)

**ORDER GRANTING PLAINTIFFS'
MOTION TO LIFT STAY AND
COMPEL PRE-CERTIFICATION
DISCOVERY REGARDING PUTATIVE
CALIFORNIA CLASSES**

**[ECF Nos. 39 and 40]**

        On April 10, 2012, the parties filed a Joint Discovery Conference Statement.  (ECF No. 39.)
Additionally, the parties filed separate memoranda concerning their respective positions regarding the
instant discovery dispute.  (ECF Nos. 39-1, 40.)  On April 20, 2012, the Court held a Discovery
Conference during which the parties' discussed their dispute concerning the Court's prior finding that
Plaintiffs' requested pre-certification discovery was premature in light of Defendant's pending Motion
to Dismiss and the Court's stay of pre-certification discovery pending the District Judge's ruling on the
Motion to Dismiss.  Plaintiffs now seek to have the January 24, 2012 stay on pre-certification discovery

1  lifted as to the proposed California classes.[1]  Plaintiffs also seek the production of information and

2  documents concerning the proposed California classes.

3      Based on a careful review of the parties' papers and arguments made before the Court, and for

4  the reasons discussed below, Plaintiffs' motion to lift the stay of discovery as to the proposed California

5  classes is **GRANTED**.  Furthermore, Plaintiffs' motion to compel pre-certification discovery relating

6  to the proposed California classes is hereby **GRANTED** consistent with this Order.

7                           **I.  BACKGROUND**

8      This is a putative class action in which Plaintiffs allege that Defendant violated federal, Oregon

9  and California wage and hour laws.  On behalf of several classes of persons who work for Defendant

10  as truck drivers, Plaintiffs assert causes of action under the Fair Labor Standards Act ("FLSA"), 29

11  U.S.C. § 206; the Oregon Minimum Wage Law, Or. Rev. Stat. §§ 653.025, 653.055, 652.610 and

12  652.150; and Cal. Labor Code §§ 203, 226.7, 1182.12, 1194, 2699, *et seq.* and 2802.  Plaintiffs also

13  assert a cause of action for unfair competition under Cal. Business & Professions Code § 17200, *et seq.*

14      Plaintiffs filed their First Amended Complaint ("FAC") on October 10, 2011.  (ECF No. 17.)

15  On October 27, 2011, Defendant filed a Rule 12(b)(6) Motion to Dismiss the causes of action brought

16  under the FLSA and two of four causes of action brought under Oregon law. (ECF No. 19.) On October

17  27, 2011, Defendants also filed a motion seeking to transfer this action to the District of Oregon

18  pursuant to 28 U.S.C. § 1404(a). (ECF No. 21.)  Defendant's motions are presently pending before the

19  Honorable Larry A. Burns.

20      On January 24, 2012, the Court denied Plaintiffs' prior motion to compel pre-certification

21  discovery on grounds that such discovery was premature in light of the pending Motion to Dismiss.

22  (ECF No. 34.)  The Court also stayed pre-certification discovery until Defendant's Motion to Dismiss

23  is decided.  (*Id.*)

24                       **II.  DISCOVERY DISPUTE**

25      Presently before the Court is Plaintiffs' request that the Court lift the stay on pre-certification

26  discovery only as to the proposed California classes.  Should the Court grant this request, Plaintiffs also

27  _____

28      [1]Plaintiffs have agreed to limit their request to the proposed California classes until the District
    Judge issues a ruling on Defendant's Motion to Dismiss regarding the proposed Oregon and FLSA
    classes.

1  request that Defendant be ordered to produce the following information concerning the proposed
2  California classes: (1) the name, address, telephone number, hire date, and termination date (if
3  applicable) of a representative sample of putative class members; (b) any record of hours worked by a
4  representative sample of putative class members; and (c) payroll records and driving logs of a
5  representative sample of putative class members.

6       **A.**    **Plaintiffs' Position**

7       Plaintiffs contend the information requested is relevant to their motion for class certification and
8  the merits of their claims concerning the proposed California classes.  Plaintiffs also contend that no
9  party requested that a discovery stay be imposed, that a discovery stay should not automatically occur
10  upon the filing of a motion to dismiss, and that Defendant has not met its burden under Rule 26 of the
11  Federal Rules of Civil Procedure for seeking a protective order to limit discovery pending resolution
12  of its Motion to Dismiss.  Moreover, Plaintiffs contend that Defendant's Motion to Dismiss only
13  challenges the claims Plaintiffs bring under the FLSA and Oregon wage and hour laws and that
14  Plaintiffs should not be precluded from seeking discovery regarding claims that are not at issue on
15  Defendant's Motion to Dismiss, i.e., discovery regarding the proposed California classes.  Lastly,
16  Plaintiffs contend that the stay is highly prejudicial to Plaintiffs.

17       Regarding appropriate sample size, Plaintiffs argue that Defendant should produce information
18  regarding all 153 drivers (100%) in the proposed California training subclass and 116 of 580 drivers
19  (20%) in the proposed California class.  Plaintiffs also maintain that the sampling should be
20  "representative" and that the parties' evidence in support of or in opposition to class certification should
21  be limited to those persons within the sample produced.

22       **B.**    **Defendant's Position**

23       Defendant seeks to have the stay on discovery remain in effect.  Defendant contends that pre-
24  certification discovery should not occur until after the Court rules on Defendant's Motion to Dismiss
25  because, if that motion is granted, a substantial number of putative class members will no longer be a
26  part of this action.  Defendant also argues that the discovery at issue is irrelevant and not reasonably
27  calculated to lead to the discovery of admissible evidence because Plaintiffs' requests relate to issues
28  not plead in the operative FAC.  Specifically, Defendant states that Plaintiffs intend to take the

1  deposition of three of Defendant's employees but that these employees only have knowledge of claims

2  not plead in the FAC.  Furthermore, Defendant contends that even if the discovery is limited to the

3  proposed California classes, there are additional pleading deficiencies in the FAC and Defendant will

4  seek dismissal of multiple claims regarding the proposed California classes after the pending Motion

5  to Dismiss is heard.

6  Regarding appropriate sample size, Defendant contends that Plaintiffs are improperly seeking

7  documents relating to every member of the proposed California classes and thus Plaintiffs' request for

8  pre-certification discovery is not narrowly tailored.  Defendant proposes that any production of

9  documents should be limited to a random sampling of 10% of the putative California class members.

10  Defendant maintains that it cannot stipulate that the sampled documents it produces is representative

11  of other putative class members.  Rather, Defendant states that whether the sampling is representative

12  of the putative class is a legal determination that the Court must make at the class certification stage.

13  **III.  DISCUSSION**

14  **A.  Lifting Stay on Pre-Certification Discovery Regarding Proposed California Classes**

15  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

16  claim or defense."  Fed. R. Civ. P. 26(b)(1).  In addition, "[f]or good cause, the court may order

17  discovery of any matter relevant to the subject matter involved in the action.  Relevant information need

18  not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

19  admissible evidence."  *Id.*

20  Here, Plaintiffs seek to have the Court's stay on pre-certification discovery lifted so that they

21  may pursue information related only to the proposed California classes.  Given that Defendant's pending

22  Motion to Dismiss does not seek dismissal of the causes of action brought under California law, the

23  Court finds that discovery relating to these claims is relevant and appropriate under the circumstances

24  to allow Plaintiffs to prepare their class certification motion.  *See Twin City Fire Ins. Co. v. Emp'rs Ins.*

25  *of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) ("[A] pending Motion to Dismiss is not ordinarily a

26  situation that in and of itself would warrant a stay of discovery.").

27  Defendant contends that even if the requested documents are relevant, their production should

28  not be ordered because the California claims contained in the FAC (and a purported proposed Second

1    Amended Complaint) contain various fatal pleading deficiencies. (ECF. No. 40 at 6:22-8:4.) Defendant

2    maintains that it intends to file a dispositive motion addressing these purported deficiencies after the

3    ruling on the pending Motion to Dismiss.   However, Defendant did not raise these purported

4    deficiencies in its pending Motion to Dismiss.  Moreover, the Court cannot stay discovery indefinitely

5    based on representations that a future dispositive motion will be filed.  Whether the FAC's claims

6    concerning the proposed California classes are deficient or not is not presently at issue.  Those claims,

7    however, are the operative claims, and Plaintiffs are entitled to obtain discovery relevant to their

8    operative claims.

9        Accordingly, the Court finds that pre-certification discovery relative to the proposed California

10   classes is appropriate under the circumstances.  The Court next turns to the scope of such discovery and

11   the appropriate sample size to be used.

12       **B.    Scope of Permitted Pre-Certification Discovery**

13       As an initial matter, the Court notes that during the April 20, 2012 Discovery Conference,

14   counsel for Plaintiffs indicated that in lieu of seeking the contact information of the putative California

15   class members, Plaintiffs would be satisfied if Defendant provided the requested records using unique

16   identifiers with the personal information of Defendant's employees redacted.  The Court finds that this

17   approach is preferable to the "opt-out" notice procedure discussed in the parties' papers.  Although an

18   "opt-out" notice procedure is appropriate in many cases involving pre-certification discovery (*see, e.g.*,

19   *Murphy v. Target Corp.*, No. 09cv1436-AJB(WMC), 2011 U.S. Dist. LEXIS 62458, at *8-12 (S.D. Cal.

20   June 14, 2011)), under the facts and circumstances of this case, including the relatively small size of the

21   proposed California classes, the Court finds that it will be more efficient for Defendant to produce

22   records of hours worked, payroll records and driving logs using unique identifiers.  Defendant shall

23   ensure that all names, contact information and other private personal information shall be redacted from

24   the production.  As such, this Order does not address the parties' arguments concerning the privacy

25   interests of putative class members or the "opt-out" notice procedure.

26       Next, Defendant contends that Plaintiffs seek to conduct discovery regarding claims not asserted

27   in the FAC.  Specifically, Defendant contends that if the stay is lifted Plaintiffs will seek information

28   related to "orientation sessions" which are not encompassed in the operative claims.  However,

1   Plaintiffs' instant request makes no mention of discovery related to "orientation sessions." (*See* ECF
2   No. 39-1 at 1:22-2:2.)  Rather, Plaintiffs have limited their request to documents regarding hours
3   worked, payroll records and driving logs.  These documents are relevant to the operative claims and the
4   Court's Order lifting the stay is limited to production of records relating to the proposed California
5   classes.

6          As noted above, the parties disagree on the appropriate sample size of the production.  Plaintiffs
7   seek information regarding all 153 drivers (100%) in the proposed California training subclass and 116
8   of 580 drivers (20%) in the proposed California class.  Defendant contends that any production of
9   documents should be limited to a random sampling of 10% of the putative California class members.
10  With respect to the proposed California training subclass, the Court finds that Plaintiffs' proposal for
11  20% of the putative class is reasonable.  Defendant has made no showing of any burden imposed by
12  such a sampling.  With respect to the proposed California class, the Court finds that Plaintiffs' proposal
13  for 100% of the putative class is unreasonable.  Although the relatively small proposed class size (153
14  drivers) suggests a need for a larger sampling, the Court finds that a production of responsive documents
15  concerning one-third (51 drivers) of the proposed California class is appropriate.  Defendant's
16  production shall be comprised of a random sampling.

17         Finally, the Court declines to impose any limits on what evidence the parties may introduce in
18  support of or in opposition to class certification as the Court views this issue as premature.  If Plaintiffs
19  desire that such a restriction be imposed they are not precluded from moving for such relief at the
20  appropriate time.

21                              **IV.  <u>CONCLUSION AND ORDER</u>**

22         Based on the foregoing, the Court orders as follows:

23     1.     The Court's January 24, 2012 stay on pre-certification relating to the proposed California
24            classes is hereby VACATED.  Pre-certification discovery relating to the proposed FLSA
25            and Oregon classes shall remain stayed.

26     2.     Plaintiffs' motion to compel pre-certification discovery regarding the proposed
27            California classes is hereby GRANTED consistent with this Order.  On or before **June**
28            **11, 2012**, Defendant shall produce to Plaintiffs the following:

     a.    All records of hours worked of a random sample of 20% (116 drivers) of the putative California class;

     b.    All payroll records of a random sample of 20% (116 drivers) of the putative California class;

     c.    All driving logs of a random sample of 20% (116 drivers) of the putative California class;

     d.    All records of hours worked of a random sample of 33% (51 drivers) of the putative California training subclass;

     e.    All payroll records of a random sample of 33% (51 drivers) of the putative California training subclass; and

     f.    All driving logs of a random sample of 33% (51 drivers) of the putative California training subclass.

3.    Defendant's document production shall utilize unique identifiers in lieu of private information. Defendant shall ensure that all names, contact information and other private personal information shall be redacted from the production.

**IT IS SO ORDERED.**

DATED: May 7, 2012

DAVID H. BARTICK
United States Magistrate Judge

                        11cv537-LAB (DHB)